**GEORGIA ASSOCIATION OF REALTORS, et al., Plaintiffs,**

v.

**ALABAMA REAL ESTATE COMMISSION, et al., Defendants.**

Civ. A. No. 87–T–335–N.

United States District Court, M.D. Alabama, N.D.

Nov. 30, 1987.

Harold L. Russell, William W. Maycock, Smith, Gabrell & Russell, Atlanta, Ga., and M.R. Nachman, Jr., Balch & Bingham, Montgomery, Ala., for plaintiffs.

Charles R. Sowell, Asst. Atty. Gen., Alabama Real Estate Com'n, Montgomery, Ala., for all defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

The plaintiffs, who are nonresidents of Alabama, brought this lawsuit against the defendants, Alabama Real Estate Commission and its members, charging that the residency requirements necessary to obtain an Alabama real estate license and engage in certain real estate practices in the state are unconstitutional. Several months after filing this lawsuit, the plaintiffs entered into a consent decree with the defendants declaring the residency requirements, found in 1975 Code of Alabama §§ 34–27–32(a)(5), 34–27–3(a), 34–27–35(i)(2), to be in violation of the privileges and immunities clause in article IV of the U.S. Constitution.[1] This matter is now before the court on the plaintiffs' motion for attorney fees.

### I.

The Civil Rights Attorney's Fee Awards Act, 42 U.S.C.A. § 1988, authorizes courts to award reasonable attorney fees to prevailing civil rights litigants. The plaintiffs are unquestionably the prevailing litigants in this lawsuit; as stated, they and the defendants entered into a consent decree declaring that the challenged residency requirements are unconstitutional. As the prevailing litigants, the plaintiffs are therefore entitled to an award of reasonable attorney fees.

The court will determine what constitutes a reasonable fee in accordance with the 12 factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir.1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with client; and (12) awards in similar cases. The court is also guided by the recent Supreme Court decisions of *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, — U.S. —, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987); *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); and *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

In *City of Riverside, Blum*, and *Hensley*, the Court observed that the number of hours reasonably expended to prosecute the lawsuit and the prevailing market rate provide an important starting point for any fee determination. *City of Riverside*, 477 U.S. at 567, 106 S.Ct. at 2691; *Blum*, 465 U.S. at 897 & n. 14, 104 S.Ct. at 1548 & n. 14; *Hensley*, 461 U.S. at 432, 103 S.Ct. at 1939. In making its fee award, the court will therefore start by determining: (a) the number of hours reasonably devoted to this litigation; and (b) the prevailing market rate for contingent work performed by similarly situated attorneys in similar cases in

---

1. The consent decree specifically provides that, it is the declaration of this Court that:
   (1) The following portion of § 34–27–32(a)(5) of the Code of Alabama is unconstitutional: "who is a resident of Alabama."
   (2) The following portion of § 34–27–3(a) of the Code of Alabama is unconstitutional: "It shall be unlawful for any person, partnership or corporation who is not a resident of Alabama to perform any of the acts described in § 34–27–30; except that."
   (3) Section 34–27–35(i)(2) of the Code of Alabama is unconstitutional. It states: "The active license of any licensee who changes residence from Alabama to another state or coun-

try shall become inactive immediately upon the change of residence. The licensee must submit his license certificate to the commission within 20 days of the change of residence."

The consent decree provides further that,
   The Court will rely upon the defendants to implement the declaratory relief provided in Part II of this judgment without issuing an injunction. The defendants are instructed to process the real estate broker and salesperson applications of the individual plaintiffs with dispatch and without regard to the residency of any of the individual plaintiffs.

the community. The product of these two figures will provide the court with a "lodestar" figure. The court will then determine, based on additional factors, whether the figure should be adjusted upwards or downwards. Such an approach has been approved by a majority of the Supreme Court in *Pennsylvania,* — U.S. at —, 107 S.Ct. at 3089–91 (O'Connor, J., concurring); — U.S. at —, 107 S.Ct. at 3094 (Blackmun, J., with whom Brennan, Marshall, and Stevens, JJ., join dissenting); and in *Jones v. Central Soya Co., Inc.,* 748 F.2d 586, 589 & n. 3 (11th Cir.1984).

### A. Reasonable Hours

■ The attorneys who represented the plaintiffs claim the following hours:

| Attorney | Hours |
|---|---|
| Russell, H. L. | 27.10 |
| Nachman, M. R., Jr. | 17.50 |
| Boynton, F. G. | .20 |
| Maycock, W. W. | 75.30 |
| Mevs, P. J. | 12.25 |
| Kingma, E. A. | .30 |
| Total | 132.65[2] |

The court has considered two *Johnson* factors—the novelty and difficulty of the case, and the amount involved and the result obtained—in assessing the reasonableness of the hours claimed.[3] Although this case was not legally or factually complex, the issue presented was somewhat novel and legally unsettled. To be sure, the Supreme Court has addressed the authority of states to impose residency requirements on attorneys, *see Supreme Court of New Hampshire v. Piper,* 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985), and the authority of federal courts to do the same, *see Frazier v. Heebe,* — U.S. —, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987). These decisions did not, however, necessarily dictate a favorable result here. Nevertheless, the plaintiffs were able to obtain the declaratory relief sought. Moreover, although this case was not a class action, the plaintiffs' counsel obtained a definitive legal determination condemning the state real estate commission's residency requirements as violative of the U.S. Constitution, and they thereby clearly benefited not only themselves and others similarly situated, but the public as a whole. *City of Riverside,* 477 U.S. at 578, 106 S.Ct. at 2696 (attorney fee award in civil rights case should reflect not only specific individual relief obtained but also any broad social benefit that may indirectly result from litigation). Based on the two *Johnson* factors of novelty and results obtained, the court finds that, as a general matter, the claimed hours are reasonable.

The court's conclusion that the hours are reasonable is also supported by its examination of the time sheets listing the hours claimed by each of the attorneys. There does not appear to be any unnecessary duplication of efforts between the attorneys, and all of the hours listed appear to have been necessary for and directly related to this particular litigation. The court therefore concludes that the plaintiffs' attorneys are entitled to the full number of hours they claimed.

### B. Prevailing Market Rate

To determine the prevailing market rate, the court will consider the following *Johnson* factors: customary fee; skill required to perform the legal services properly; the experience, reputation and ability of the attorneys; time limitations; preclusion of other employment; undesirability of the case; whether the fee is contingent or noncontingent; nature and length of professional relationship with the client; and awards in similar cases.

*Customary Fee:* Counsel for plaintiffs seek the following hourly rates:

| Attorney | Rate |
|---|---|
| Russell, H. L. | $185 |
| effective 10-1-86 | 200 |
| Nachman, M.R. Jr. | 160 |
| Boynton, F.G. | 135 |

---

**2.** Nachman claims 18.50 hours, but the hours listed on his time sheets add up to 17.50.

**3.** The initial calculation of reasonable hours at the prevailing market rates will often subsume many of the *Johnson* factors. *Pennsylvania,* — U.S. at —, 107 S.Ct. at 3087 (plurality opinion); — U.S. at —, 107 S.Ct. at 3089 & 3091 (O'Connor, J., concurring); *Blum,* 465 U.S. at 896–900, 104 S.Ct., at 1548–49; *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9.

| Attorney | Rate |
|---|---|
| Maycock, W.W. | 105 |
| effective 8–1–86 | 115 |
| effective 10–1–86 | 120 |
| Mevs, P.J. | 80 |
| Kingma, E. A. | 45 |

The evidence indicates that these rates reflect the prevailing market rates in the geographic areas in which the legal services were rendered.

*Skill Required to Perform the Legal Services Properly,* The issue here was primarily one of constitutional law and required a high degree of legal sophistication.

*Experience, Reputation, and Ability of the Attorneys.* All of plaintiffs' attorney appear to be quite able lawyers. They have varied experiences and reputations, depending for the most part for how long they have practiced. The rates appear to correlate positively with these factors.

*Time Limitations.* This factor requires "some premium" where there has been "[p]riority work that delays the lawyer's other legal work." *Johnson,* 488 F.2d at 718. There is no evidence of such limitations here.

*Preclusion of Other Employment.* This factor "involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson,* 488 F.2d at 718. There is no significant evidence of such preclusion here.

*Whether Fee is Contingent or Noncontingent.* The fee was partially contingent and noncontingent. The plaintiffs do not, however, seek any enhancement because of this partial contingency. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, supra.*

*Undesirability of the Case.* There is no evidence that this case was undesirable.

*Nature and Length of Relationship with Client.* Some of the plaintiffs' counsel have a long-standing relationship with plaintiff Georgia Association of Realtors. The hourly rates these attorneys seek here are the same hourly rates they have charged the Association for other matters.

*Awards in Similar Cases.* The parties have presented no such evidence.

Based on these criteria, the court is of the opinion that the hourly fees claimed by the plaintiffs' counsel are reasonable and should be awarded.

### C. Lodestar Calculation

The lodestar figure for each attorney consists of the product of the attorney's compensable time multiplied by his or her prevailing market fee. The lodestar figures for each of the attorneys are as follows:

| Attorney | Rate | Hours | Fee |
|---|---|---|---|
| Russell, H.L. | 185 | 12.25 | $ 2,266.25 |
| effective 10–1–86 | 200 | 14.85 | 2,970.00 |
| Nachman, M.R., Jr. | 160 | 17.50 | 2,800.00 |
| Boynton, F.G. | 135 | .20 | 27.00 |
| Maycock, W.W. | 105 | 9.50 | 997.50 |
| effective 8–1–86 | 115 | 2.35 | 270.25 |
| effective 10–1–86 | 120 | 63.45 | 7,614.00 |
| Mevs, P.J. | 80 | 12.25 | 980.00 |
| Kingma, E. A. | 45 | .30 | 13.50 |
| Totals | | 132.65 | $17,938.50 |

### D. Adjustment

The court is of the opinion that there are no special circumstances that warrant any further adjustment either upward or downward. The application of the 12 *Johnson* facts is sufficient to provide the plaintiffs with reasonable attorney fees.

### II.

■ In addition to fees, the plaintiffs' attorneys seek an award of $967.17 for expenses. All of the expenses claimed appear to be reasonable and necessary. Accordingly, the court concludes that the plaintiffs' attorneys may recover the full amount of the expenses they claim. *See generally Dowdell v. City of Apopka,* 698 F.2d 1181, 1188–92 (11th Cir.1983).

### III.

For reasons set forth above, it is the ORDER, JUDGMENT, and DECREE of the court that:

858

(1) The plaintiffs' August 27, 1987, motion for attorney fees be and it is hereby granted; and

(2) The plaintiffs have and recover from all defendants the sum of $17,938.50 for attorney fees and $967.17 for expenses.