**Theodis STOKES, Plaintiff,**

v.

**CITY OF MONTGOMERY, ALABAMA, Defendant.**

Civ. A. No. 93–T–239–N.

United States District Court,
M.D. Alabama,
Northern Division.

Aug. 11, 1994.

Order On Reconsideration Aug. 30, 1994.

Cynthia Williams Clinton, Kenneth Lamar Thomas, Thomas, Means & Gillis, P.C., Theron Stokes, Alabama Educ. Ass'n, Montgomery, AL, for plaintiff.

Thomas C. Tankersley, City of Montgomery, Legal Dept., J. Bernard Brannan, Jr., Brannan & Guy, P.C., Montgomery, AL, for defendant.

### ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Theodis Stokes brought this action under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e–17, 1981a, and the fourteenth amendment to the United States Constitution as enforced by 42 U.S.C.A. § 1983, claiming that defendant City of Montgomery, Alabama discriminated against him because he is an African–American and retaliated against him because he had filed a previous discrimination lawsuit against the city. Stokes and the city reached a settlement, with Stokes receiving appointment to the job of property maintenance supervisor, a position which he sought in this lawsuit, as well as back pay. This cause is now before the court on a

motion by Stokes for attorney's fees and expenses in the amount of $34,891.27. For the reasons that follow, the court concludes that the motion should be granted and that Stokes is entitled to recover attorney's fees and expenses in the amount of $29,552.77.

### I. BACKGROUND

Stokes brought this suit on February 26, 1993. On December 17, 1993, the city made an offer of judgment to Stokes. The offer entailed placing Stokes in the position of maintenance foreman for Oakwood Cemetery and awarding back pay from the time of the alleged discriminatory action. Stokes did not accept that offer. On March 11, 1994, the city made a second offer, which would place Stokes in the position of property maintenance supervisor and entitled him to back pay. On March 18, Stokes accepted the second offer. On April 14, pursuant to the settlement, the court entered judgment in favor of Stokes, with provision for attorney's fees and expenses.

### II. DISCUSSION

■ The attorney's fee provision of Title VII, 42 U.S.C.A. § 2000e–5(k), authorizes courts to award reasonable fees and expenses to prevailing civil rights litigants. Stokes is a prevailing litigant and is thus entitled to reasonable attorney's fees and expenses.

■ The starting point in setting any attorney's fee is determining the "lodestar" figure—that is, the product of the number of hours reasonably expended to prosecute the lawsuit and the reasonable hourly rate for work performed by similarly situated attorneys in the community. After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983). In making the above determinations, the court is guided by the 12 factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[1] *See Blanchard v. Bergeron*, 489 U.S.

---

1. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.) (en banc), the Eleventh Circuit

Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit

87, 91–92, 109 S.Ct. 939, 943–44, 103 L.Ed.2d 67 (1989); *Hensley*, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases.

### A. Reasonable Hours

Theron Stokes, Kenneth L. Thomas, and Cynthia W. Clinton represented plaintiff Stokes in this matter. Attorney Stokes seeks compensation for 129.2 hours; attorney Thomas seeks compensation for 47.7 hours; and attorney Clinton seeks compensation for 33.4 hours.[2] The court has considered two *Johnson* factors—the novelty and difficulty of the case, and the amount involved and the result obtained—in assessing the reasonableness of the hours claimed. The issues in this case were not particularly difficult; nonetheless, the court finds, as a general matter, that the hours claimed are reasonable.

■ The city contends however, that attorney Stokes should not recover fees for a May 7, 1993, mediation conference before a United States Magistrate Judge because the conference did not occur. The city is correct that the mediation conference was postponed. However, in an affidavit submitted to the court, attorney Stokes stated that he was unaware of the cancellation and showed up for the conference, that prior to the scheduled time of the conference he conferred with his client, and that he discussed future mediation dates with the Magistrate Judge's secretary. According to attorney Stokes, these were the activities for which he billed, not for the cancelled conference. The city has not offered contrary evidence. Plaintiff Stokes is entitled to recover for these hours.

■ The city also contends that it does not owe attorney's fees and expenses accrued after the first offer of judgment. Rule 68 of the Federal Rules of Civil Procedure provides that, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." The city maintains that the second offer, for property maintenance supervisor, is not more favorable than the first, for maintenance foreman for Oakwood Cemetery. Therefore, the city asserts that Stokes's counsel are not entitled to attorney's fees and expenses incurred after the first offer. The court will assume for the sake of argument that the relevant facts regarding the two offers are as the city states: that both positions have the same salary and benefits and that both have the same responsibility.[3]

■ Even assuming this, however, there is no question that the two offers were different. Admittedly, the difference between the two offers cannot be measured with money.[4] However, although money may be the bottom line in a lawsuit, non-monetary relief—such as instatement to a particular position—may also be at issue. Indeed, Title VII expressly provides for such non-monetary relief as "reinstatement" and "hiring." 42 U.S.C.A. § 2000e–5(g). As a result, a plaintiff "who failed to recover damages but obtained injunctive relief . . . may recover a fee award

handed down prior to the close of business on September 30, 1981.

**2.** Although in her affidavit attorney Clinton claims 33.7 hours, the hours listed total 33.4 hours. The court therefore treats her request for compensation as being for only 33.4 hours.

**3.** Stokes appears not to contest that the monetary compensation is the same, but argues that the position of property maintenance supervisor

is more prestigious and entails more responsibility.

**4.** Whether the second offer is better than the first is a question foreshadowed in *Marek v. Chesny*, 473 U.S. 1, 32–33 & n. 48, 105 S.Ct. 3012, 3029 & n. 48, 87 L.Ed.2d 1 (1985) (Brennan, J., dissenting) ("Of course, the difficulties in assessing the 'value' of nonpecuniary relief are inherent in Rule 68's operation whether or not the Rule applies to attorney's fees").

•

based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Hensley,* 461 U.S. at 435–36 n. 11, 103 S.Ct. at 1940 n. 11. The court is therefore convinced that, for purposes of determining reasonable attorney's fees, factors other than money can be taken into account in comparing the favorability of settlement offers under Rule 68.

In this case, Stokes claimed that, for discriminatory and retaliatory reasons, he had been denied the position of property maintenance supervisor and it was this position that he wanted. He therefore sued for the position of property maintenance supervisor and not that of maintenance foreman for Oakwood Cemetery. This litigation was therefore about the position of property maintenance supervisor. Indeed, if this case had gone to trial and he had prevailed he would have been entitled, absent special circumstances, to the position of property maintenance supervisor. As the Eleventh Circuit has explained, "It is the duty of the district court, after a finding of discrimination, to place the injured party in the position he or she would have been absent the discriminatory actions." *Nord v. United States Steel Corp.,* 758 F.2d 1462, 1470 (11th Cir.1985). The second offer of property maintenance supervisor allowed Stokes to obtain the very position to which he would have been entitled had he prevailed; the first offer of maintenance foreman for Oakwood Cemetery was for a comparable position, but not the one he would have been entitled to under the law. The first offer would therefore not have made Stokes whole. Stokes is entitled to attorney's fees and expenses accrued after the first offer of judgment.

■ Finally, aside from the above two objections raised by the city, the court has conducted an independent review of the hours claimed to determine if there was any time that should be excluded because it was "excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. The court is satisfied that the hours listed appear to have been necessary to securing relief in this case. The court therefore concludes that the attorneys are entitled to the full number of hours claimed:

attorney Stokes for 129.2 hours; attorney Thomas for 47.7 hours; and attorney Clinton for 33.4 hours.

### B. Prevailing Market Rate

■ "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). Attorneys Stokes and Thomas contend they are entitled to $175 an hour; attorney Clinton contends she is entitled to $105 an hour. To determine the prevailing market rate, the court will consider the following *Johnson* factors: customary fee; the novelty and difficulty of the questions; skill required to perform the legal services properly; the experience, reputation, and ability of the attorneys; time limitations; preclusion of other employment; undesirability of the case; nature and length of professional relationship with the client; and awards in similar cases.

*Customary Fee:* Attorneys Stokes and Thomas contend that the customary fee for similar cases is $150 to $200 an hour. Attorney Clinton contends that the customary fee for similar cases is $110 to $200 an hour.

■ *Novelty and Difficulty of the Questions:* Race discrimination cases can be complex, but this case settled before much legal argument was required. Although the court believes that all employment cases are challenging, this case was not sufficiently difficult to justify an enhancement on this basis.

*Skill Required to Perform the Legal Services Properly:* Employment discrimination cases require skilled attorneys. Although this case settled fairly quickly, the attorneys performed the work that was required in a professional manner.

*Experience, Reputation, and Ability of the Attorney:* Attorneys Stokes and Thomas have had considerable experience in employment discrimination litigation and enjoy excellent reputations. Attorney Clinton is less experienced, but has worked on a number of civil rights cases.

*Time Limitations:* Where there has been "[p]riority work that delays the lawyer's other legal work," this factor requires "some premium." *Johnson,* 488 F.2d at 718. There is no evidence of such limitation here.

*Preclusion of Other Employment:* This factor "involves the dual consideration of otherwise available business which is foreclosed because of conflicts of interest which occur from the representation, and the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes." *Johnson,* 488 F.2d at 718. There is no evidence to support this factor.

■ *Undesirability of the Case:* In general, civil rights litigation is seen "as very undesirable because it stigmatizes an attorney as a 'civil rights lawyer' and thus tends to deter fee-paying clients, particularly high-paying commercial clients, from seeking assistance from that lawyer." *Stokes v. City of Montgomery,* 706 F.Supp. 811, 815 (M.D.Ala. 1988), *aff'd,* 891 F.2d 905 (11th Cir.1989) (table).[5]

*Nature and Length of Relationship with Client:* Attorney Stokes represented the plaintiff in a previous Title VII suit against the city. *Stokes v. City of Montgomery,* 706 F.Supp. 811 (M.D.Ala.1988), *aff'd,* 863 F.2d 889 (11th Cir.1988) (table). Attorneys Thomas and Clinton had no previous professional relationship with the plaintiff.

*Awards in Similar Cases:* This court has awarded non-contingent fees in the range of $75–200 an hour in other civil rights cases. *See, e.g., Robinson v. Alabama State Dept. of Educ.,* 727 F.Supp. 1422, 1428 (M.D.Ala. 1989), *aff'd,* 918 F.2d 183 (11th Cir.1990) (table); *Stokes v. City of Montgomery,* 706 F.Supp. at 815; *Hidle v. Geneva County Bd. of Educ.,* 681 F.Supp. 752, 756 (M.D.Ala. 1988); *Georgia Ass'n of Realtors v. Alabama Real Estate Commission,* 678 F.Supp. 854, 856–57 (M.D.Ala.1987); *Birl v. Wallis,* 649 F.Supp. 868, 872 (M.D.Ala.1986); *York v. Alabama State Bd. of Educ.,* 631 F.Supp. 78, 86 (M.D.Ala.1986).

■ The court is of the opinion, based on these criteria, that the current market rate for work performed by attorneys of similar knowledge and experience in similar cases is $145 an hour for attorneys Stokes and Thomas and $105 an hour for attorney Clinton.

## C. Lodestar Calculation

The unadjusted lodestar for an attorney consists, as stated, of the product of the attorney's compensable hours multiplied by the prevailing market fee. The lodestars for Stokes's counsel are therefore as follows:

| | | | |
|---|---|---|---|
| Stokes | 129.2 hours × $145 = | $18,734.00 |
| Thomas | 47.7 hours × $145 = | $ 6,916.50 |
| Clinton | 33.4 hours × $105 = | $ 3,507.00 |
| Total | | $29,157.50 |

## D. Adjustment

■ Stokes's attorneys also request an enhancement of 25% on the attorney's fees for the delay in payment. The court has compensated for the time-value of money lost because of the delay in payment of attorney's fees by awarding those fees on the basis of current, as opposed to historical, market rates. *See Missouri v. Jenkins,* 491 U.S. 274, 284, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989) ("an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the statute"); *Norman,* 836 F.2d at 1302 ("[i]n this circuit, where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates").

An adjustment of the lodestar either upward or downward is unwarranted.

## E. Expenses

■ Stokes's attorneys seek $395.27 for expenses incurred in connection with the litigation. With the exception of routine overhead office expenses normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation or as an aspect of settlement of the case, may be taxed as costs;

---

**5.** *See also Robinson v. Alabama State Dept. of Educ.,* 727 F.Supp. 1422, 1428 (M.D.Ala.1989), *aff'd,* 918 F.2d 183 (11th Cir.1990) (table); *Hidle v. Geneva County Bd. of Educ.,* 681 F.Supp. 752, 756 (M.D.Ala.1988); *York v. Alabama State Bd. of Educ.,* 631 F.Supp. 78, 85 (M.D.Ala.1986).

the standard of reasonableness is to be given a liberal interpretation. *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987); *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir.1983). Expenses claimed in this matter include costs for long distance telephone calls, photocopying, and postage. These expenses appear to be reasonable. The court therefore determines that counsel for Stokes may recover the expenses requested.

Accordingly, for the above reasons, it is ORDERED that the motion for attorney's fees and costs, filed by plaintiff Theodis Stokes on May 12, 1994, is granted, and that plaintiff Stokes have and recover from defendant City of Montgomery, Alabama, the sum of $29,157.50 as attorney's fees and $395.27 for expenses, for a total of $29,552.77.

### ORDER ON RECONSIDERATION

Upon consideration of the motion for reconsideration filed by plaintiff on August 22, 1994, it is ORDERED that the motion is denied.

As a general proposition, an attorney who charges a high hourly rate has more experience and thus has to spend less time on legal matters than does an attorney who charges a lower hourly rate. Indeed, in those rare cases where the court has given high hourly rates to an attorney, the court has usually remarked, among other things, that the attorney, because of his or her extensive experience, was able to exercise conservative billing judgment. The court finds from its review of the record that this was not the case here. Counsel for plaintiff contended that this case, which did not even proceed to trial, required 210.3 hours to prepare. Although, as the court found, these hours were reasonable, they did not reflect the type of conservative billing judgment that an attorney with extensive experience would be able to exercise.

In any event, the $145.00 an hour that the court awarded plaintiff's two principal attorneys was not even on the low end but fell solidly within the "range" that this court, from its experience, has found that attorneys with comparable qualifications and experience should receive.